# THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. Teresa Hilliard-Crawford )<br>615 Quackenbos St., NW )<br>Washington, DC 20011-1229 )<br>         **Plaintiff,** )<br>v.                                       ) | Case No. <u>1:10-cv-00484</u> |
| Honorable John M. McHugh )<br>Secretary of the Army )<br>101 Army Pentagon )<br>Washington, D.C. 20310-0101 )<br> )<br>      and                             )<br> )<br>United States of America )<br>         **Defendants.** ) | |

## MOTION TO WITHDRAW

NOW COME E. Scott Frison, Jr., Esquire, counsel of record for Dr. Hilliard-Crawford, with a motion to withdraw as counsel. For cause undersigned states as follows:

1.   Dr. Hilliard-Crawford, plaintiff filed an EEO complaint against her supervisors, Colonel ("Col.") Dale K. Block and Lieutenant Colonel ("Ltc.") Christine L. Edwards, on April 3, 2009.

2.   The military command for reasons not stated did not process Dr. Hilliard-Crawford's EEO complaint against Col. Block and Ltc. Edwards.

3.   In retaliation Col. Block and Ltc. Edwards initiated a Army Regulation 15-6 against Dr. Hilliard-Crawford wherein they accused her of various violations. The AR 15-6 was procedurally improper.

4.  The military command authorized Col. Block to be the determining official as to the AR 15-6 findings.

5.  At the Notice of Decision, Ex. 18, Dr. Hilliard was presented with two mutually exclusive appellate courses of action:

    a.  Appeal to the Merit System Protection Board;

    b.  Appeal to the EEOC, Administrative Law Judge.

6.  After review of the evidence, undersigned recommended and the plaintiff agreed to the following courses of action:

    a.  Appeal of her case to the EEOC for assignment to an EEOC Administrative Law Judge.

    b.  Initiation of a civil action alleging violations of Constitutional protections, and denial of substantive procedural due process.

7.  Subsequent to these filings, Dr. Hilliard-Crawford consulted new legal counsel, who recommended a different legal theory of the case and course of action, i.e., Appeal to the MSPB.

Undersigned files this motion so that Dr. Hilliard-Crawford can proceed with the legal theory and legal representation with which she is most comfortable. Dr. Hilliard-Crawford and new counsel should be afforded up to sixty (60) additional days in which to inform the court as to how the plaintiff intends to proceed.

    Respectfully Submitted,
    /s/
    E. Scott Frison, Jr., Esq.
    Bar No. 478092
    1629 K St., NW, Ste. 300
    Washington, D.C. 20036
    Bar No. 478092
    240-398-9283 (phone)

## Rule 65.1

Undersigned telephoned opposing counsel to seek consent, and left a message. Given the posture of the case, undersigned submits that the defendants cannot claim prejudice.

/s/
E. Scott Frison, Jr., Esq.

### CERTIFICATE OF SERVICE

I HEREBY Certify that the Motion to withdraw was electronically filed on April 26, 2010.

/s/
E. Scott Frison, Jr., Esq.



DEPARTMENT OF DEFENSE
DiLorenzo TRICARE Health Clinic
5801 Army Pentagon
Washington, DC 20310-5801

REPLY TO
ATTENTION OF

MCHL-WP                                                                          15 March 2010

MEMORANDUM FOR Dr. Teresa Hilliard, Podiatrist, GS-668-12, DiLorenzo TRICARE Health Clinic (DTHC), 5801 Army Pentagon Corridor 8, Room 162, Washington, DC 20310

SUBJECT: Notice of Decision on Proposed Removal – Dr. Teresa Hilliard

1. The Notice of Proposed Removal, which was delivered to you 14 September 2009, notified you of the proposal to remove you from your current position as a Podiatrist, GS-668-12, and from Federal Service, for making false statements, failure to discharge duties, failure to accurately account for time and attendance, lack of candor, abuse of sick leave and leaving your place of duty during duty hours without permission.

2. You were offered the opportunity to reply personally and/or in writing to the Notice of Proposed Removal, stating any and all reasons why the proposed removal action should not be effected. You did in fact avail yourself of and on 19 October 2009 presented a written reply to me.

3. In deciding this action, I took into account not only the Army's Table of Penalties; the applicable Douglas factors to include the nature and seriousness of the offenses, the prominence of your position, and your past work record; the charges and supporting evidence, but also your written reply of 19 October 2009. Thus, I find the charges of making false statements, failure to discharge duties, failure to accurately account for time and attendance, lack of candor, abuse of sick leave and leaving your place of duty during duty hours without permission to be warranted given the evidence, details of which were provided in the notice of proposed removal.

4. Accordingly, I decided that removal from the Federal Service will serve the best interest of the Department of the Army (DA) by increasing the efficiency of the service. Your removal from Federal Service will become effective on 23 March 2010. A copy of the Notification of Personnel Action effecting your removal will be sent to you separately. You will remain in a duty status up to the date of your removal, unless approved leave is granted at your request. You are also required to return any equipment belonging to the Federal government still in your possession immediately or face further action.

5. You may appeal your removal directly to the Merit Systems Protection Board (MSPB) as explained in the enclosure, which includes a copy of the appeal form. The MSPB appeal regulations can be found online at the MSPB website: www.mspb.gov. Your appeal must be filed no later than 30 days after the effective date of this action, or 30 days after the date of receipt of this decision, whichever is later. File your MSPB appeal by personal delivery during normal business hours, or by certified mail addressed to the following office: Regional Director, Merit Systems Protection Board, Washington Regional Office, 1800 Diagonal Road, Suite 205,



Ex. 18

MCHL-WP
SUBJECT: Notice of Decision on Proposed Removal - Dr. Teresa Hilliard

Alexandria, Virginia 22314. Or, you may file electronically at the Board's website: www.mspb.gov/e-appeal.html. Where you and your employer mutually agree in writing to attempt to resolve this dispute through an alternative dispute resolution process prior to the timely filing of an appeal, the time limit for filing the appeal is extended by an additional 30 days--for a total of 60 days.

✱ 6. If you believe that this personnel action discriminated against you on the basis of your race, color, religion, sex, national origin, age, physical or mental handicap, and/or was taken in reprisal for protected actions, you may file a complaint of discrimination with the WRAMC Equal Employment Opportunity (EEO) Office, Building 1, Room B-220, or the Equal Employment Opportunity Commission (EEOC), 1400 L. Street N.W., Suite 200, Washington DC, 20005, or you may file an appeal with the MSPB, as previously described. Should you elect to file a complaint of discrimination, your complaint will be processed in accordance with EEO Commission regulations at Title 29, Code of Federal Regulations (CFR), Section 1614. Should you elect to file a MSPB appeal, your appeal will be processed in accordance with the MSPB regulations at 5 CFR 1201.

7. You have the right to select a representative of your choosing to assist you in your appeal. You and your representative, if he/she is an Army employee, are entitled to reasonable amounts of official duty time in preparing and presenting your appeal if you are in an active duty status. Requests for this time will be made in advance to your respective supervisor(s). Please notify me in writing with the name of your representative, if any.

8. Please acknowledge receipt of this memorandum by signing and dating the record copy provided.

Encl
as

DALE K. BLOCK
Colonel, United States Army
Commanding

_____  15 March 2010
RECEIPT ACKNOWLEDGED                DATE

2